# EXHIBIT
# E.16

ALBERT BROWN
1031 N. Mount Street
Baltimore, MD 21217

    Plaintiffs,

    v.

OFFICER WAYNE E. JENKINS,
Baltimore City Police Department
601 E. Fayette Street
Baltimore, MD 21202

And

OFFICER JEMELL RAYAM,
Baltimore City Police Department
601 E. Fayette Street
Baltimore, MD 21202

And

Serve On:
Andre Davis, Esq., City Solicitor
100 N. Holliday Street, Suite 101
Baltimore, MD 21202

    Defendants

    \*        IN THE

    CIRCUIT COURT

    OF MARYLAND CIVIL DIVISION

    FOR

    BALTIMORE CITY

    Case No. : 24-C-19-004047

    JURY TRIAL DEMANDED

RECEIVED
CIRCUIT COURT FOR
BALTIMORE CITY
2020 FEB 20 P 2: 54

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Albert Brown, by and through their attorney Tony N. Garcia, Esquire, and Bates & Garcia LLC., and Michael E. Glass, Esquire, MBA, and the Michael Glass Law Firm hereby bring this Complaint against Defendants, Officers Wayne E. Jenkins ("Jenkins"), and Jemell Rayam ("Rayam") (collectively, "Defendants") and for cause states:

## THE PARTIES, JURISDICTION AND VENUE

1.    Plaintiff is a citizen of Baltimore City, Maryland.

1

2.     Defendants Jenkins and Rayam, at all relevant times to Plaintiffs' claims were officers of the BCPD. acting within the scope of his employment (unless stated otherwise herein).

3.     This Court has jurisdiction over this case under Md. Cts. & Jud. Proc. § 6-103(b), because all of the Defendants live, transact business, perform work and provide services in Maryland, regularly conduct and solicit business in Maryland, and engage in other persistent courses of conduct in Maryland.

4.     Venue for this case is proper under Md. Cts. & Jud. Proc. § 6-201(a) and 6-201(b), because Defendants all carry on regular business in Baltimore City, Maryland, and Plaintiffs' complained of injury occurred in Baltimore City, Maryland.

## STATEMENT OF FACTS

5.     On or around August 1, 2016, Jenkins and Rayam were working in plain clothes in an unmarked vehicle. Jenkins and Rayam observed a black Honda Odyssey in a gas station parking lot at 3312 Reisterstown Road and stopped Plaintiff without justification. Without cause, Jenkins and Rayam searched his vehicle, and falsely arrested him on narcotics and firearm charges.

6.     Jenkins and Rayam proceeded to then go to Plaintiff's house and performed a warrantless search of the house which resulted in additional charges including multiple narcotics charges including possession (large amount), possession with intent to use, and possession with intent to distribute, in District Court Case No. 3B02329687 and Circuit Court Case No. 116235004 and 1162385008.

7.     It is well known that these officers have engaged in crimes including but not limited to making false arrests, filing false police reports, racketeering, conspiracy, overtime fraud, corruption, drug conspiracy, robbery of victims, and a variety of other illegal activities.

8.     Upon and belief, at the time of Plaintiff's arrest on August 1, 2016, these officers were

under investigation for illegal activity, and the BCPD knew that any arrests made or police reports filed by these officers were suspect and likely to be false and/or unsupported by evidence (including but not limited to thefts perpetrated on March 22, 2016 and July 8, 2016) prior to Plaintiff's arrests.

9. Defendants Jenkins, and Rayam were not properly trained, supervised, disciplined or screened and were knowingly allowed to perpetrate crimes against Baltimore and Maryland citizens, including Plaintiff.

10. Defendants Jenkins, and Rayam engaged in a pattern and practice of false arrests, filing false police reports, and other crimes.

11. Defendants Jenkins, and Rayam engaged in an unconstitutional pattern of depriving citizens (including Plaintiff) of life, liberty and property and, further, did so with intentional malice.

12. The charges brought against Plaintiff were ultimately *nolle prossed*, but not before they were forced to incur costs to post bond (that was set at $200,000) and pay attorneys' fees.

13. Plaintiff incurred humiliation, and substantial mental pain and suffering as a result of the false, meritless charges and arrest, and incarceration. Plaintiff incurred substantial financial hardship, and suffered severe mental anguish, medical and other related expenses, loss of income, loss of dignity, and trauma as a result of being defamed, falsely charged, and falsely arrested.

14. Indeed, given the complete lack of evidence and that the case was fabricated, it never should have gone forward to begin with. Thus, Plaintiff was charged and incarcerated unnecessarily, and forced to incur unnecessary economic hardship and severe mental anguish, medical and other related expenses, loss of income, loss of dignity, and trauma.

## COUNT ONE – INTENTIONAL DEFAMATION

15.     The preceding and subsequent paragraphs are incorporated as if fully set forth herein.

16.     The Defendants' allegations that Plaintiffs committed various crimes are defamatory in nature as they exposed Plaintiffs, as private persons, to public scorn, hatred, contempt, ridicule and otherwise impugned Plaintiffs' characters.

17.     The accusations that Plaintiffs committed various crimes imputes defamatory character and are actionable *per se*.

18.     Defendants published their defamatory statements to third persons including the police, the office of the State's Attorney, the courts and the public in general.

19.     Defendants' allegations were demonstrably false and ultimately resulted in the charges against Plaintiffs being *nolle prossed*.

20.     Defendants knew that the allegations were false and as such, acted with actual malice as they possessed knowledge of the falsity of the statements or reckless disregard for the truth of the statements, such knowledge which can be imputed to Defendants.

21.     Indeed, Defendants had established a pattern and practice of falsely charging citizens of Baltimore City and committing other crimes.

22.     As a direct and proximate result of Defendants' defamatory statements, Plaintiff was incarcerated unnecessarily, lost business opportunities, incurred substantial financial hardship, medical and other related expenses, suffered loss of income, and additionally suffered severe mental anguish, loss of dignity, trauma, inconvenience, and damage to image and reputation as a result of the false accusations and incarceration.

WHEREFORE, Plaintiff prays judgment jointly and severally against Defendants as follows:
   a) For compensatory and punitive damages in excess of $75,000;
   b) For monetary damages in excess of $75,000;

c) Pre and post-judgment interest;
d) For reasonable attorney's fees;
e) For costs of suit herein incurred; and
f) For such other and further relief as the court may deem proper.

## COUNT TWO – NEGLIGENT DEFAMATION
### (in the alternative)

23.     The preceding and subsequent paragraphs are incorporated as if fully set forth herein.

24.     The Defendants' allegations that Plaintiff committed various crimes are defamatory in nature as they exposed Plaintiffs, private persons, to public scorn, hatred, contempt, and ridicule.

25.     Defendants published their defamatory statements to third persons including but not limited to police, the office of the State's Attorney, the courts and the public in general.

26.     Defendants' allegations were demonstrably false and ultimately resulted in the charges against Plaintiffs being *nolle prossed*.

27.     Defendants acted negligently, and with intentional malice, by inaccurately identifying the Plaintiff to authorities and others, by failing to verify any of their allegations before publication, by failing to investigate, by making statements without knowledge of their accuracy, by overstating their confidence in their allegations, by rushing to judgment, by erroneously relying on Plaintiffs' records as basis for guilt, and were otherwise negligent.

28.     As a direct and proximate result of Defendants' defamatory statements, Plaintiff was incarcerated unnecessarily, lost business opportunities, incurred substantial financial hardship, medical and other related expenses, suffered loss of income, and additionally suffered severe mental anguish, loss of dignity, trauma, inconvenience, and injury to reputation and image as a result of the false accusations and incarceration.

WHEREFORE, Plaintiffs pray judgment jointly and severally against Defendants as follows:
a) For compensatory damages in excess of $75,000;
b) For monetary damages in excess of $75,000;

5

c) Pre and post-judgment interest;
d) For costs of suit herein incurred; and
e) For such other and further relief as the court may deem proper.

## COUNT THREE – INVASION OF PRIVACY – INTRUSION UPON SECLUSION
### (Albert Brown)

29.    The preceding and subsequent paragraphs are incorporated as if fully set forth herein.

30.    The Defendants' allegations that Plaintiff committed various crimes led to Plaintiff's public arrest.

31.    Defendants possessed knowledge of the falsity of the statements or reckless disregard for the truth of the statements.

32.    Defendants subjectively and objectively knew or should have known that intruding into Plaintiff's private life and causing his illegal arrest and the institution of criminal proceedings against him would be highly offensive to a reasonable person.

33.    As a direct and proximate result of Defendants' offensive intrusion upon Plaintiff's personal life, Plaintiff was incarcerated unnecessarily for approximately four months, lost his job, incurred substantial financial hardship, medical and other related expenses, suffered loss of income, and additionally suffered severe mental anguish, loss of dignity, trauma, inconvenience, and the exacerbation of preexisting depression and sensitive medical conditions as a result of the false accusations and incarceration.

    WHEREFORE, Plaintiff prays judgment jointly and severally against Defendants as follows:
a) For compensatory and punitive damages in excess of $75,000;
b) Monetary damages in excess of $75,000;
c) Pre and post-judgment interest;
d) For reasonable attorney's fees;
e) For costs of suit herein incurred; and
f) For such other and further relief as the court may deem proper.

6

## COUNT FOUR – INVASION OF PRIVACY – UNREASONABLE PUBLICITY GIVEN TO PRIVATE LIFE
### (Albert Brown)

34.     The preceding and subsequent paragraphs are incorporated as if fully set forth herein.

35.     The Defendants' allegations that Plaintiff committed various crimes led to Plaintiff's public arrest.

36.     Defendants possessed knowledge of the falsity of the statements or reckless disregard for the truth of the statements.

37.     Defendants' published to others purported matters of Plaintiff's private life that were false and therefore not of valid concern to the public.

38.     Defendants subjectively and objectively knew or should have known that intruding into Plaintiff's private life and causing his illegal arrest and the institution of criminal proceedings against him would be highly offensive to a reasonable person.

39.     As a direct and proximate result of Defendants' offensive intrusion upon Plaintiff's personal life, Plaintiff was incarcerated unnecessarily for approximately four months, lost his job, incurred substantial financial hardship, medical and other related expenses, suffered loss of income, and additionally suffered severe mental anguish, loss of dignity, trauma, inconvenience, and the exacerbation of preexisting depression and sensitive medical conditions as a result of the false accusations and incarceration.

    WHEREFORE, Plaintiff prays judgment jointly and severally against Defendants as follows:

    a) For compensatory and punitive damages in excess of $75,000;
    b) For monetary damages in excess of $75,000;
    c) Pre and post-judgment interest;
    d) For reasonable attorney's fees;
    e) For costs of suit herein incurred; and
    f) For such other and further relief as the court may deem proper.

7

## COUNT FIVE – INVASION OF PRIVACY – PLACING A PERSON IN A FALSE LIGHT
### (Albert Brown)

40.        The preceding and subsequent paragraphs are incorporated as if fully set forth herein.

41.        The Defendants' allegations that Plaintiff committed various crimes are defamatory in nature as they exposed Plaintiff, a private person, to public scorn, adverse publicity, hatred, contempt, ridicule and otherwise impugned Plaintiff's character.

42.        The accusations that Plaintiff committed various crimes imputes defamatory character and are actionable *per se*.

43.        Defendants published their defamatory statements to third persons including but not limited to Park West staff, police, the office of the State's Attorney, the courts and the public in general.

44.        Defendants' allegations were demonstrably false and ultimately resulted in the charges against Plaintiff being *nolle prossed*.

45.        Defendants acted with actual malice as they possessed knowledge of the falsity of the statements or reckless disregard for the truth of the statements.

46.        The Defendants' allegations that Plaintiff committed various crimes led to Plaintiff's public arrest.

47.        Defendants subjectively and objectively knew or should have known their conduct and allegations, causing Plaintiff's illegal arrest and the institution of criminal proceedings against him, would be highly offensive to a reasonable person under the circumstances.

48.        As a direct and proximate result of Defendants' conduct, Plaintiff was incarcerated unnecessarily, lost his job, incurred substantial financial hardship, medical and other related expenses, suffered loss of income, and additionally suffered severe mental anguish, loss of dignity, trauma, inconvenience, and the exacerbation of preexisting depression and sensitive medical

conditions as a result of the false accusations and incarceration.

WHEREFORE, Plaintiff prays judgment jointly and severally against Defendants as follows:

a) For compensatory and punitive damages in excess of $75,000;
b) For monetary damages in excess of $75,000;
c) Pre and post-judgment interest;
d) For reasonable attorney's fees;
e) For costs of suit herein incurred; and
f) For such other and further relief as the court may deem proper.

## COUNT SIX – NEGLIGENCE/NEGLIGENT TRAINING
### (Albert Brown)

49.     The preceding and subsequent paragraphs (with the exceptions of Counts One, Three, Four, Five, Seven and Eight) are incorporated as if fully set forth herein.

50.     All Defendants owed the general public an ordinary duty of care and also owed Plaintiff, a specific duty of care to protect his interests, health, confidentiality, and his privacy.

51.     Defendants Jenkins and Rayam breached their duty of care as by engaging in a pattern and practice of false arrests, filing false police reports, unlawful entry into people's homes, illegally searching citizens, illegally seizing private property and other crimes, and that each defendant did so with intentional malice, in an attempt to injure Plaintiff.

52.     As a direct and proximate result of Defendant officers individually, or the negligent training of Defendants by Baltimore City Police Department (BCPD), Plaintiff suffered unlawful incarceration, financial losses, humiliation, mental anguish, loss of income, incurred attorney fees, and other related expenses.

WHEREFORE, Plaintiff prays judgment jointly and severally against Defendants as follows:

a) For compensatory damages in excess of $75,000;
b) For monetary damages in excess of $75,000;
c) Pre and post-judgment interest;
d) For costs of suit herein incurred; and
e) For such other and further relief as the court may deem proper.

9

## COUNT SEVEN – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Albert Brown)

53.     The preceding and subsequent paragraphs (with the exceptions of Counts Two and Six) are incorporated as if fully set forth herein.

54.     The Defendants' allegations that Plaintiff committed various crimes are severe, extreme and outrageous.

55.     Defendants' allegations were intentionally or recklessly designed to cause to punishment, sanctions, incarceration, public scorn, hatred, contempt, and ridicule, and done so with malice.

56.     As a direct and proximate result of Defendants' wrongful statements and actions, Plaintiff was incarcerated unnecessarily, lost his job, incurred substantial financial hardship, medical and other related expenses, suffered loss of income, and additionally suffered severe mental anguish, emotional distress, loss of dignity, trauma, inconvenience, and the exacerbation of preexisting depression and sensitive medical conditions as a result of the false accusations and incarceration.

        WHEREFORE, Plaintiff prays judgment jointly and severally against Defendants as follows:
        a) For compensatory and punitive damages in excess of $75,000;
        b) For monetary damages in excess of $75,000;
        c) Pre and post-judgment interest;
        d) For reasonable attorney's fees;
        e) For costs of suit herein incurred; and
        f) For such other and further relief as the court may deem proper.

## COUNT EIGHT - MALICIOUS PROSECUTION
### (Albert Brown)

57.     The preceding and subsequent paragraphs (with the exceptions of Counts Two and Six) are incorporated as if fully set forth herein.

58.     The Defendants' statements to police alleging that Plaintiff committed various crimes

10

against their persons and property directly resulted in the institution of a criminal proceeding by the Defendants against the Plaintiff.

59.     The criminal proceedings were subsequently *nolle prossed* and therefore terminated in favor of the Plaintiff.

60.     The basis for the *nolle pros* was that there was a complete absence of probable cause for the proceeding and Defendants' allegations were unsubstantiated and false.

61.     The prosecution was instituted with malice.

62.     Defendants are responsible for directing or requesting a prosecution on the basis of information which was known to be false.

63.     Defendants withheld information from police which reasonable persons would realize might affect the ability to criminally prosecute.

64.     Defendants gave inaccurate information to the police or prosecutor.

65.     Defendants allowed the prosecution, once initiated, to continue for months after the Defendants learned or reasonably should have known that the underlying facts on which the prosecution was based were false (and therefore probable cause was lacking).

66.     As a direct and proximate result of Defendants' initiation of a wrongful prosecution, Plaintiff was incarcerated unnecessarily, lost his job, incurred substantial financial hardship, medical and other related expenses, suffered loss of income, and additionally suffered severe mental anguish, emotional distress, loss of dignity, trauma, inconvenience, and the exacerbation of preexisting depression and sensitive medical conditions as a result of the false accusations and incarceration.

WHEREFORE, Plaintiff prays judgment jointly and severally against Defendants as follows:

        a)  For compensatory and punitive damages in excess of $75,000;
        b)  For monetary damages in excess of $75,000;

11

c) Pre and post-judgment interest;
d) For reasonable attorney's fees;
e) For costs of suit herein incurred; and
f) For such other and further relief as the court may deem proper.

## COUNT NINE – FALSE ARREST
### (Albert Brown)

67.    The prior and subsequent paragraphs are incorporated as if fully set forth herein.

68.    Defendants Jenkins and Rayam unlawfully deprived Plaintiff of his liberty.

69.    Plaintiff did not consent to the deprivation of his liberty and was held against his

will for an extended period.

70.    Defendant and the BCPD were without legal justification for depriving Plaintiff of

his liberty.

71.    As a direct and proximate result of the false imprisonment by Defendant Jenkins and

Rayam and the BCPD, Plaintiff has sustained emotional, mental, and physical pain and

suffering, and economic loss.

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

a) For compensatory damages in excess of $75,000;
b) For monetary damages in excess of $75,000;
c) Pre and post-judgment interest;
d) For reasonable attorney's fees;
e) For costs of suit herein incurred; and
f) For such other and further relief as the court may deem proper.

## COUNT TEN – FALSE ARREST (Actual Malice in the Alternative)
### (Albert Brown)

72.    The prior and subsequent paragraphs are incorporated as if fully set forth herein.

73.    Defendants unlawfully deprived Plaintiff of his liberty.

74.ʼ    Plaintiff did not consent to the deprivation of his liberty and was held against his

will for an extended period.

75.     Defendants, their agents, and their employees were without legal justification for depriving Plaintiff of his liberty.

76.     The conduct of Defendant was grossly negligent, reckless, and/or perpetrated with actual malice. Indeed, Plaintiff was arrested for reasons other than in pursuit of prosecuting criminal conduct allegedly perpetrated by Plaintiff.

77.     There was no probable cause for arresting Plaintiff, and the arrest was made with a reckless disregard of the consequences affecting the life and property of Plaintiff, and a thoughtless disregard of the grave consequences to Plaintiff.

78.     The injuries inflicted on Plaintiff by Defendants were done wantonly and willfully with such utter indifference to the rights of Plaintiff that Defendants acted in complete disregard of Plaintiff's rights as if such rights did not exist.

79.     As a direct and proximate result of the false imprisonment by Defendants, Plaintiff has sustained emotional, mental, and physical pain and suffering, missed time from work and leisure activities, past and future medical expenses; and economic loss.

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

   a) For compensatory damages in excess of $75,000;
   b) For monetary damages in excess of $75,000;
   c) Pre and post-judgment interest;
   d) For reasonable attorney's fees;
   e) Punitive Damages;
   f) For costs of suit herein incurred; and
   g) For such other and further relief as the court may deem proper.

## COUNT ELEVEN – FALSE IMPRISONMENT
### (Albert Brown)

80.     The foregoing and subsequent paragraphs are incorporated by reference as if fully set forth herein.

81.     All Defendants unlawfully deprived Plaintiff of his liberty.

82.     Plaintiff did not consent to the deprivation of his liberty and was held against his will for an extended period.

83.     Defendants were without legal justification for depriving Plaintiff of his liberty.

84.     As a direct and proximate result of the false imprisonment by Defendants, their agents, and their employees, Plaintiff has sustained emotional, mental, and physical pain and suffering, missed time from work and leisure activities, past and future medical expenses; eviction from his house, lost housing opportunities, and economic loss.

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

        a) For compensatory damages in excess of $75,000;
        b) For monetary damages in excess of $75,000;
        c) Pre and post-judgment interest;
        d) For reasonable attorney's fees;
        e) Punitive Damages;
        f) For costs of suit herein incurred; and
        g) For such other and further relief as the court may deem proper.

## COUNT TWELVE – FALSE IMPRISONMENT (Malice in the Alternative)
## (Albert Brown)

85.     The foregoing and subsequent paragraphs are incorporated by reference as if fully set forth herein.

86.     All Defendants unlawfully deprived Plaintiff of his liberty.

87.     Plaintiff did not consent to the deprivation of his liberty and was held against his will for an extended period.

88.     Defendants were without legal justification for depriving Plaintiff of his liberty.

89.     The conduct of Defendants was grossly negligent, reckless, and/or perpetrated with actual malice.   Indeed, Plaintiff was arrested for purposes other than prosecuting criminal conduct, and suffered as a result.

90.     There was no probable cause for arresting Plaintiff, and the arrest was made with a reckless disregard of the consequences affecting the life and property of Plaintiff, and a thoughtless disregard of the grave consequences to Plaintiff, without any effort on the part of Defendants to avoid them.

91.     The injuries inflicted on Plaintiff by Defendants were done wantonly and willfully with such utter indifference to the rights of Plaintiff that Defendants acted in complete disregard of Plaintiff's rights as if such rights did not exist.

92.     As a direct and proximate result of the false imprisonment by Defendants, Plaintiff has sustained emotional, mental, and physical pain and suffering, missed time from work and leisure activities, past and future medical expenses, loss of earnings and earning capacity, and economic loss.

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

    a)  For compensatory damages in excess of $75,000;
    b)  For monetary damages in excess of $75,000;
    c)  Pre and post-judgment interest;
    d)  For reasonable attorney's fees;
    e)  Punitive Damages;
    f)  For costs of suit herein incurred; and
    g)  For such other and further relief as the court may deem proper.

### COUNT THIRTEEN – MARYLAND DECLARATION OF RIGHTS (Articles 24 & 26) (Albert Brown)

93.     The foregoing paragraphs are incorporated by reference as if fully set forth herein.

94.     Defendants violated Plaintiffs' civil and constitutional rights, including their rights under Articles 24 and 26 of the Maryland Declaration of Rights.

95.     The Defendants' actions were without legal justification and resulted in the false arrest and false imprisonment of Plaintiff and directly caused injury to Plaintiff.

96.     As a direct result of Defendants' actions, Plaintiff was taken, imprisoned, disseized of

his freehold, liberties and privileges, outlawed, exiled, destroyed, deprived of his life, liberty and property without the judgment of his peers or by the law of the land and was subjected to an illegal search and seizure.

97.    All of Plaintiff's injuries, damages, and losses were solely and proximately caused by Defendants, with no negligence on the part of Plaintiff contributing thereto.

98.    As a direct and proximate result of Defendants violating articles 24 and 26 of the Maryland Constitution, Plaintiff has sustained emotional, mental, and physical pain and suffering, missed time from work and leisure activities, past and future medical expenses, loss of earnings and earning capacity, and economic damages.

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

a) For compensatory damages in excess of $75,000;
b) For monetary damages in excess of $75,000;
c) Pre and post-judgment interest;
d) For reasonable attorney's fees;
e) Punitive Damages;
f) For costs of suit herein incurred; and
g) For such other and further relief as the court may deem proper.

Respectfully submitted,

Tony N. Garcia
Bates & Garcia LLC.
201 N. Charles Street, Suite 1900
Baltimore, Maryland 21202
*Counsel for Plaintiff*

16

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of February, 2020, a copy of the foregoing

Plaintiff's Amended Complaint was sent via first-class mail, postage prepaid to:

**Andre Davis, Esq.,** City Solicitor
100 N. Holliday Street, Suite 101
Baltimore, Maryland 21202

Neil E. Duke, Esq.
100 Light Street, 19th Fl
Baltimore, MD 21202

Tony N. Garcia, Esq.

ALBERT BROWN
1031 N. Mount Street
Baltimore, MD 21217

    Plaintiffs,

    v.

OFFICER WAYNE E. JENKINS,
Baltimore City Police Department
601 E. Fayette Street
Baltimore, MD 21202

And

OFFICER JEMELL RAYAM,
Baltimore City Police Department
601 E. Fayette Street
Baltimore, MD 21202

And

~~BALTIMORE CITY POLICE~~
~~DEPARTMENT~~
~~601 E. Fayette Street~~
~~Baltimore, MD 21202~~

Serve On:
Andre Davis, Esq., City Solicitor
100 N. Holliday Street, Suite 101
Baltimore, MD 21202

    Defendants.

\*    IN THE
    CIRCUIT COURT
\*

    OF MARYLAND
\*
    FOR
\*
    BALTIMORE CITY
\*

\*

\*    Case No. : _____
\*

\*

\*

\*

\*    JURY TRIAL DEMANDED

\*

\*

\*

\*

\*

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Albert Brown, by and through their attorney Tony N. Garcia, Esquire, and Bates

& Garcia LLC., and Michael E. Glass, Esquire, MBA, and the Michael Glass Law Firm hereby

bring this Complaint against Defendants, Officers Wayne E. Jenkins ("Jenkins"), Jemell Rayam

("Rayam") ~~and the Baltimore City Police Department ("BCPD")~~ (collectively, "Defendants") and

for cause states:

1

## THE PARTIES, JURISDICTION AND VENUE

1.      Plaintiff is a citizen of Baltimore City, Maryland.

2.      Defendants Jenkins and Rayam, at all relevant times to Plaintiffs' claims were officers of the BCPD. acting within the scope of his employment (unless stated otherwise herein).

3.      ~~The BCPD is an agency of Baltimore City and the Mayor and City Council (herein, "M&CC").~~

4.      This Court has jurisdiction over this case under Md. Cts. & Jud. Proc. § 6-103(b), because all of the Defendants live, transact business, perform work and provide services in Maryland, regularly conduct and solicit business in Maryland, and engage in other persistent courses of conduct in Maryland.

5.      Venue for this case is proper under Md. Cts. & Jud. Proc. § 6-201(a) and 6-201(b), because Defendants all carry on regular business in Baltimore City, Maryland, and Plaintiffs' complained of injury occurred in Baltimore City, Maryland.

## STATEMENT OF FACTS

6.      On or around August 1, 2016, Jenkins and Rayam were working in plain clothes in an unmarked vehicle. Jenkins and Rayam observed a black Honda Odyssey in a gas station parking lot at 3312 Reisterstown Road and stopped Plaintiff without justification. Without cause, Jenkins and Rayam searched his vehicle, and falsely arrested him on narcotics and firearm charges.

7.      Jenkins and Rayam proceeded to then go to Plaintiff's house and performed a warrantless search of the house which resulted in additional charges including multiple narcotics charges including possession (large amount), possession with intent to use, and possession with intent to distribute, in District Court Case No. 3B02329687 and Circuit Court Case No. 116235004 and 1162385008.

2

8.      It is well known that these officers have engaged in crimes including but not limited to making false arrests, filing false police reports, racketeering, conspiracy, overtime fraud, corruption, drug conspiracy, robbery of victims, and a variety of other illegal activities.

9.      Upon information and belief, at the time of Plaintiff's arrest on August 1, 2016, these officers were under investigation for illegal activity, and the BCPD knew that any arrests made or police reports filed by these officers were suspect and likely to be false and/or unsupported by evidence (including but not limited to thefts perpetrated on March 22, 2016 and July 8, 2016) prior to Plaintiff's arrests.

10.      ~~The BCPD further knew that these officers were involved in unlawful stops of citizens~~ ~~and robberies committed (including seizing and pocketing money) during these unlawful stops.~~

11.      Defendants Jenkins, and Rayam were not properly trained, supervised, disciplined or screened and were knowingly allowed to perpetrate crimes against Baltimore and Maryland citizens, including Plaintiff.

12.      Defendants Jenkins, and Rayam engaged in a pattern and practice of false arrests, filing false police reports, and other crimes, ~~and that the BCPD either had actual or constructive~~ ~~knowledge, but did nothing to protect the officers' victims (including Plaintiff).~~

13.      Defendants Jenkins, and Rayam engaged in an unconstitutional pattern of depriving citizens (including Plaintiff) of life, liberty and property and, ~~upon information and belief, the~~ ~~BCPD either had actual or constructive knowledge of same.~~

14.      The charges brought against Plaintiff were ultimately *nolle prossed*, but not before he was forced to incur costs to post bond (that was set at $200,000) and pay attorneys' fees.

15.      Plaintiff incurred humiliation, and substantial mental pain and suffering as a result of the false, meritless charges and arrest, and incarceration. Plaintiff incurred substantial financial

3

hardship, and suffered severe mental anguish, medical and other related expenses, loss of income, loss of dignity, and trauma as a result of being defamed, falsely charged, and falsely arrested.

16.     Indeed, given the complete lack of evidence and that the case was fabricated, it never should have gone forward to begin with. Thus, Plaintiff was charged and incarcerated unnecessarily, and forced to incur unnecessary economic hardship and severe mental anguish, medical and other related expenses, loss of income, loss of dignity, and trauma.

## COUNT ONE – INTENTIONAL DEFAMATION

17.     The preceding and subsequent paragraphs are incorporated as if fully set forth herein.

18.     The Defendants' allegations that Plaintiffs committed various crimes are defamatory in nature as they exposed Plaintiff, as a private person, to public scorn, hatred, contempt, ridicule and otherwise impugned Plaintiff's character.

19.     The accusations that Plaintiff committed various crimes imputes defamatory character and are actionable *per se.*

20.     Defendants published their defamatory statements to third persons including the police, the office of the State's Attorney, the courts and the public in general.

21.     Defendants' allegations were demonstrably false and ultimately resulted in the charges against Plaintiffs being *nolle prossed.*

22.     Defendants knew that the allegations were false, and, as such, acted with actual malice as they possessed knowledge of the falsity of the statements or reckless disregard for the truth of the statements, such knowledge which can be imputed to Defendants.

23.     Indeed, Defendants had established a pattern and practice of falsely charging citizens of Baltimore City and committing other crimes.

4

24.    ~~Defendant BCPD knew that the defendant Jenkins and Rayam had a pattern and practice of falsely arresting people and committing other crimes, but did nothing to stop these officers from falsely arresting and defaming Plaintiffs.~~

25.    As a direct and proximate result of Defendants' defamatory statements, Plaintiff was incarcerated unnecessarily, lost business opportunities, incurred substantial financial hardship, medical and other related expenses, suffered loss of income, and additionally suffered severe mental anguish, loss of dignity, trauma, inconvenience, and damage to image and reputation as a result of the false accusations and incarceration.

WHEREFORE, Plaintiff prays judgment jointly and severally against Defendants as follows:

- a)  For compensatory and punitive damages in excess of $75,000;
- b)  For monetary damages in excess of $75,000;
- c)  Pre and post-judgment interest;
- d)  For reasonable attorney's fees;
- e)  For costs of suit herein incurred; and
- f)  For such other and further relief as the court may deem proper.

## COUNT TWO – NEGLIGENT DEFAMATION
## (in the alternative)

26.    The preceding and subsequent paragraphs are incorporated as if fully set forth herein.

27.    The Defendants' allegations that Plaintiff committed various crimes are defamatory in nature as they exposed Plaintiffs, private persons, to public scorn, hatred, contempt, and ridicule.

28.    Defendants published their defamatory statements to third persons including but not limited to police, the office of the State's Attorney, the courts and the public in general.

29.    Defendants' allegations were demonstrably false and ultimately resulted in the charges against Plaintiffs being *nolle prossed.*
                                                  ~language added as noted in Amendment~

30.    Defendants acted negligently by inaccurately identifying the Plaintiff to authorities and others, by failing to verify any of their allegations before publication, by failing to investigate, by

5

making statements without knowledge of their accuracy, by overstating their confidence in their allegations, by rushing to judgment, by erroneously relying on Plaintiffs' records as basis for guilt, and were otherwise negligent.

31. As a direct and proximate result of Defendants' defamatory statements, Plaintiff was incarcerated unnecessarily, lost business opportunities, incurred substantial financial hardship, medical and other related expenses, suffered loss of income, and additionally suffered severe mental anguish, loss of dignity, trauma, inconvenience, and injury to reputation and image as a result of the false accusations and incarceration.

WHEREFORE, Plaintiffs pray judgment jointly and severally against Defendants as follows:

  a) For compensatory damages in excess of $75,000;
  b) For monetary damages in excess of $75,000;
  c) Pre and post-judgment interest;
  d) For costs of suit herein incurred; and
  e) For such other and further relief as the court may deem proper.

## COUNT THREE – INVASION OF PRIVACY – INTRUSION UPON SECLUSION
### (Albert Brown)

32. The preceding and subsequent paragraphs are incorporated as if fully set forth herein.

33. The Defendants' allegations that Plaintiff committed various crimes led to Plaintiff's public arrest.

34. Defendants possessed knowledge of the falsity of the statements or reckless disregard for the truth of the statements.

35. Defendants subjectively and objectively knew or should have known that intruding into Plaintiff's private life and causing his illegal arrest and the institution of criminal proceedings against him would be highly offensive to a reasonable person.

36. As a direct and proximate result of Defendants' offensive intrusion upon Plaintiff's personal life, Plaintiff was incarcerated unnecessarily for approximately four months, lost his job,

6

incurred substantial financial hardship, medical and other related expenses, suffered loss of income, and additionally suffered severe mental anguish, loss of dignity, trauma, inconvenience, and the exacerbation of preexisting depression and sensitive medical conditions as a result of the false accusations and incarceration.

WHEREFORE, Plaintiff prays judgment jointly and severally against Defendants as follows:

        a) For compensatory and punitive damages in excess of $75,000;
        b) Monetary damages in excess of $75,000;
        c) Pre and post-judgment interest;
        d) For reasonable attorney's fees;
        e) For costs of suit herein incurred; and
        f) For such other and further relief as the court may deem proper.

## COUNT FOUR – INVASION OF PRIVACY – UNREASONABLE PUBLICITY GIVEN TO PRIVATE LIFE
### (Albert Brown)

37.      The preceding and subsequent paragraphs are incorporated as if fully set forth herein.

38.      The Defendants' allegations that Plaintiff committed various crimes led to Plaintiff's public arrest.

39.      Defendants possessed knowledge of the falsity of the statements or reckless disregard for the truth of the statements.

40.      Defendants' published to others purported matters of Plaintiff's private life that were false and therefore not of valid concern to the public.

41.      Defendants subjectively and objectively knew or should have known that intruding into Plaintiff's private life and causing his illegal arrest and the institution of criminal proceedings against him would be highly offensive to a reasonable person.

42.      As a direct and proximate result of Defendants' offensive intrusion upon Plaintiff's personal life, Plaintiff was incarcerated unnecessarily for approximately four months, lost his job, incurred substantial financial hardship, medical and other related expenses, suffered loss of

7

income, and additionally suffered severe mental anguish, loss of dignity, trauma, inconvenience, and the exacerbation of preexisting depression and sensitive medical conditions as a result of the false accusations and incarceration.

WHEREFORE, Plaintiff prays judgment jointly and severally against Defendants as follows:

a) For compensatory and punitive damages in excess of $75,000;
b) For monetary damages in excess of $75,000;
c) Pre and post-judgment interest;
d) For reasonable attorney's fees;
e) For costs of suit herein incurred; and
f) For such other and further relief as the court may deem proper.

## COUNT FIVE – INVASION OF PRIVACY – PLACING A PERSON IN A FALSE LIGHT (Albert Brown)

43.     The preceding and subsequent paragraphs are incorporated as if fully set forth herein.

44.     The Defendants' allegations that Plaintiff committed various crimes are defamatory in nature as they exposed Plaintiff, a private person, to public scorn, adverse publicity, hatred, contempt, ridicule and otherwise impugned Plaintiff's character.

45.     The accusations that Plaintiff committed various crimes imputes defamatory character and are actionable *per se.*

46.     Defendants published their defamatory statements to third persons including but not limited to Park West staff, police, the office of the State's Attorney, the courts and the public in general, all the while knowing that their defamatory statements were false and untrue, and which placed Plaintiff in a false light.

47.     Defendants' allegations were demonstrably false and ultimately resulted in the charges against Plaintiff being *nolle prossed.*

48.     Defendants acted with actual malice as they possessed knowledge of the falsity of the statements or reckless disregard for the truth of the statements.

8

49.     The Defendants' allegations that Plaintiff committed various crimes led to Plaintiff's public arrest.

50.     Defendants subjectively and objectively knew or should have known their conduct and allegations, causing Plaintiff's illegal arrest and the institution of criminal proceedings against him, would be highly offensive to a reasonable person under the circumstances.

51.     As a direct and proximate result of Defendants' conduct, Plaintiff was incarcerated unnecessarily, placed in a false light, lost his job, incurred substantial financial hardship, medical and other related expenses, suffered loss of income, and additionally suffered severe mental anguish, loss of dignity, trauma, inconvenience, and the exacerbation of preexisting depression and sensitive medical conditions as a result of the false accusations and incarceration.

WHEREFORE, Plaintiff prays judgment jointly and severally against Defendants as follows:

      a) For compensatory and punitive damages in excess of $75,000;
      b) For monetary damages in excess of $75,000;
      c) Pre and post-judgment interest;
      d) For reasonable attorney's fees;
      e) For costs of suit herein incurred; and
      f) For such other and further relief as the court may deem proper.

## COUNT SIX – NEGLIGENCE/NEGLIGENT TRAINING
### (Albert Brown)

52.     The preceding and subsequent paragraphs (with the exceptions of Counts One, Three, Four, Five, Seven and Eight) are incorporated as if fully set forth herein.

53.     All Defendants owed the general public an ordinary duty of care and also owed Plaintiff, a specific duty of care to protect his interests, health, confidentiality, and his privacy.

54.     ~~Defendant BCPD owed a duty of care to the Plaintiff to properly train Defendants Jenkins and Rayam.~~

9

55.   ~~Defendants BCPD breached their duties of care to the citizens of Baltimore, specifically Plaintiff, as it knew or should have known that Defendants Jenkins and Rayam were involved in unlawful stops of citizens and other crimes yet failed to promptly stop it.~~

56.   ~~Defendant BCPD breached their duty of care by allowing Defendants Jenkins and Rayam to commit crimes against citizens after being placed on actual or constructive notice of their behavior.~~

57.   ~~Defendants BCPD breached their duty of care by not properly training, supervising, disciplining, or screening Defendants Jenkins and Rayam and knowingly allowed them to perpetrate crimes against Baltimore and Maryland citizens, including Plaintiff.~~

58.   Defendants Jenkins and Rayam breached their duty of care as employees of Defendant BCPD and individually by engaging in a pattern and practice of false arrests, filing false police reports, unlawful entry into people's homes, illegally searching citizens, illegally seizing private property and other crimes ~~and that the BCPD either had actual or constructive knowledge, but did not stop the behavior in a timely manner or protect the victims (including Plaintiff).~~

59.   Defendant BCPD had actual or constructive notice of Defendants Jenkins and Rayam criminal behavior, thereby failing to halt the behavior in a timely manner, deprived citizens (including Plaintiff) of their life, liberty, and property.

60.   As a direct and proximate result of Defendant officer individually and/or Defendant BCPD and/or the negligent training of Defendant BCPD of the other Defendants named to this action Plaintiff suffered unlawful incarceration, financial losses, humiliation, mental anguish, loss of income, incurred attorney fees, and other related expenses.

WHEREFORE, Plaintiff prays judgment jointly and severally against Defendants as follows:
   a)  For compensatory damages in excess of $75,000;
   b)  For monetary damages in excess of $75,000;

10

c) Pre and post-judgment interest;

d) For costs of suit herein incurred; and

e) For such other and further relief as the court may deem proper.

## COUNT SEVEN – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Albert Brown)

61. The preceding and subsequent paragraphs (with the exceptions of Counts Two and Six) are incorporated as if fully set forth herein.

62. The Defendants' allegations that Plaintiff committed various crimes are severe, extreme and outrageous.

63. Defendants' allegations were intentionally or recklessly designed to cause to punishment, sanctions, incarceration, public scorn, hatred, contempt, and ridicule.

64. As a direct and proximate result of Defendants' wrongful statements and actions, Plaintiff was incarcerated unnecessarily, lost his job, incurred substantial financial hardship, medical and other related expenses, suffered loss of income, and additionally suffered severe mental anguish, emotional distress, loss of dignity, trauma, inconvenience, and the exacerbation of preexisting depression and sensitive medical conditions as a result of the false accusations and incarceration.

WHEREFORE, Plaintiff prays judgment jointly and severally against Defendants as follows:

a) For compensatory and punitive damages in excess of $75,000;

b) For monetary damages in excess of $75,000;

c) Pre and post-judgment interest;

d) For reasonable attorney's fees;

e) For costs of suit herein incurred; and

f) For such other and further relief as the court may deem proper.

## COUNT EIGHT - MALICIOUS PROSECUTION
### (Albert Brown)

65. The preceding and subsequent paragraphs (with the exceptions of Counts Two and Six) are incorporated as if fully set forth herein.

11

66.     The Defendants' statements to police alleging that Plaintiff committed various crimes against their persons and property directly resulted in the institution of a criminal proceeding by the Defendants against the Plaintiff.

67.     The criminal proceedings were subsequently *nolle prossed* and therefore terminated in favor of the Plaintiff.

68.     The basis for the *nolle pros* was that there was a complete absence of probable cause for the proceeding and Defendants' allegations were unsubstantiated and false.

69.     The prosecution was instituted with malice.

70.     Defendants are responsible for directing or requesting a prosecution on the basis of information which was known to be false.

71.     Defendants withheld information from police which reasonable persons would realize might affect the ability to criminally prosecute.

72.     Defendants gave inaccurate information to the police or prosecutor.

73.     Defendants allowed the prosecution, once initiated, to continue for months after the Defendants learned or reasonably should have known that the underlying facts on which the prosecution was based were false (and therefore probable cause was lacking).

74.     As a direct and proximate result of Defendants' initiation of a wrongful prosecution, Plaintiff was incarcerated unnecessarily, lost his job, incurred substantial financial hardship, medical and other related expenses, suffered loss of income, and additionally suffered severe mental anguish, emotional distress, loss of dignity, trauma, inconvenience, and the exacerbation of preexisting depression and sensitive medical conditions as a result of the false accusations and incarceration.

WHEREFORE, Plaintiff prays judgment jointly and severally against Defendants as follows:

12

a) For compensatory and punitive damages in excess of $75,000;
b) For monetary damages in excess of $75,000;
c) Pre and post-judgment interest;
d) For reasonable attorney's fees;
e) For costs of suit herein incurred; and
f) For such other and further relief as the court may deem proper.

## COUNT NINE – FALSE ARREST
### (Albert Brown)

75. The prior and subsequent paragraphs are incorporated as if fully set forth herein.

76. Defendants Jenkins and Rayam unlawfully deprived Plaintiff of his liberty.

77. Plaintiff did not consent to the deprivation of his liberty and was held against his

will for an extended period.

78. Defendant and the BCPD were without legal justification for depriving Plaintiff of

his liberty.

79. As a direct and proximate result of the false imprisonment by Defendant Jenkins and

Rayam and the BCPD, Plaintiff has sustained emotional, mental, and physical pain and

suffering, and economic loss.

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

a) For compensatory damages in excess of $75,000;
b) For monetary damages in excess of $75,000;
c) Pre and post-judgment interest;
d) For reasonable attorney's fees;
e) For costs of suit herein incurred; and
f) For such other and further relief as the court may deem proper.

## COUNT TEN – FALSE ARREST (Actual Malice in the Alternative)
### (Albert Brown)

80. The prior and subsequent paragraphs are incorporated as if fully set forth herein.

81. ~~Defendants, the BCPD, its agents, and employees unlawfully deprived Plaintiff of~~

~~their liberty.~~

13

82. Plaintiff did not consent to the deprivation of his liberty and was held against his will for an extended period.

83. Defendants, their agents, and their employees were without legal justification for depriving Plaintiff of his liberty.

84. The conduct of Defendant was grossly negligent, reckless, and/or perpetrated with actual malice. Indeed, Plaintiff was arrested for reasons other than in pursuit of prosecuting criminal conduct allegedly perpetrated by Plaintiff.

85. There was no probable cause for arresting Plaintiff, and the arrest was made with a reckless disregard of the consequences affecting the life and property of Plaintiff, and a thoughtless disregard of the grave consequences to Plaintiff, without any effort on the part of Defendant BCPD to avoid them.

86. The injuries inflicted on Plaintiff by Defendants were done wantonly and willfully with such utter indifference to the rights of Plaintiff that Defendants acted in complete disregard of Plaintiff's rights as if such rights did not exist.

87. As a direct and proximate result of the false imprisonment by Defendans, the BCPD, its agents, and employees, Plaintiff has sustained emotional, mental, and physical pain and suffering, missed time from work and leisure activities, past and future medical expenses; and economic loss.

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

   a) For compensatory damages in excess of $75,000;
   b) For monetary damages in excess of $75,000;
   c) Pre and post-judgment interest;
   d) For reasonable attorney's fees;
   e) Punitive Damages;
   f) For costs of suit herein incurred; and
   g) For such other and further relief as the court may deem proper.

14

## COUNT ELEVEN – FALSE IMPRISONMENT
### (Albert Brown)

88.     The foregoing and subsequent paragraphs are incorporated by reference as if fully set forth herein.

89.     All Defendants ~~including the BCPD, its agents, and employees~~ unlawfully deprived Plaintiff ~~of their~~ liberty.

90.     Plaintiff did not consent to the deprivation of his liberty and was held against his will for an extended period.

91.     Defendants, ~~BCPD, its agents, and employees~~ were without legal justification for depriving Plaintiff of his liberty.

92.     As a direct and proximate result of the false imprisonment by Defendants, their agents, and their employees, Plaintiff has sustained emotional, mental, and physical pain and suffering, missed time from work and leisure activities, past and future medical expenses; eviction from his house, lost housing opportunities, and economic loss.

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

   a) For compensatory damages in excess of $75,000;
   b) For monetary damages in excess of $75,000;
   c) Pre and post-judgment interest;
   d) For reasonable attorney's fees;
   e) Punitive Damages;
   f) For costs of suit herein incurred; and
   g) For such other and further relief as the court may deem proper.

## COUNT TWELVE – FALSE IMPRISONMENT (Malice in the Alternative)
### (Albert Brown)

93.     The foregoing and subsequent paragraphs are incorporated by reference as if fully set forth herein.

15

94. All Defendants ~~including the BCPD, its agents, and employees~~ unlawfully deprived Plaintiff of his liberty.

95. Plaintiff did not consent to the deprivation of his liberty and was held against his will for an extended period.

96. Defendants ~~and the BCPD, their agents, and their employees~~ were without legal justification for depriving Plaintiff of his liberty.

97. The conduct of Defendants ~~and the BCPD, their agents, and their employees~~ was grossly negligent, reckless, and/or perpetrated with actual malice. Indeed, Plaintiff was arrested for purposes other than prosecuting criminal conduct.

98. There was no probable cause for arresting Plaintiff, and the arrest was made with a reckless disregard of the consequences affecting the life and property of Plaintiff, and a thoughtless disregard of the grave consequences to Plaintiff, without any effort on the part of Defendants to avoid them.

99. The injuries inflicted on Plaintiff by Defendants were done wantonly and willfully with such utter indifference to the rights of Plaintiff that Defendants acted in complete disregard of Plaintiff's rights as if such rights did not exist.

100. As a direct and proximate result of the false imprisonment by Defendants ~~and the BCPD, their agents, and their employees,~~ Plaintiff has sustained emotional, mental, and physical pain and suffering, missed time from work and leisure activities, past and future medical expenses, loss of earnings and earning capacity, and economic loss.

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

        a) For compensatory damages in excess of $75,000;
        b) For monetary damages in excess of $75,000;
        c) Pre and post-judgment interest;
        d) For reasonable attorney's fees;

16

e) Punitive Damages;

f) For costs of suit herein incurred; and

g) For such other and further relief as the court may deem proper.

## COUNT THIRTEEN -- MARYLAND DECLARATION OF RIGHTS (Articles 24 & 26) (Albert Brown)

101. The foregoing paragraphs are incorporated by reference as if fully set forth herein.

102. Defendants ~~including the BCPD, their agents, and their employees~~ violated Plaintiffs' civil and constitutional rights, including their rights under Articles 24 and 26 of the Maryland Declaration of Rights.

103. The Defendants' actions were without legal justification and resulted in the false arrest and false imprisonment of Plaintiff and directly caused injury to Plaintiff.

104. As a direct result of Defendant's actions, Plaintiff was taken, imprisoned, disseized of his freehold, liberties and privileges, outlawed, exiled, destroyed, deprived of his life, liberty and property without the judgment of his peers or by the law of the land and was subjected to an illegal search and seizure.

105. All of Plaintiff's injuries, damages, and losses were solely and proximately caused by Defendants ~~and the BCPD, their agents, and their employees~~ with no negligence on the part of Plaintiff contributing thereto.

106. As a direct and proximate result of Defendants violating articles 24 and 26 of the Maryland Constitution, Plaintiff has sustained emotional, mental, and physical pain and suffering, missed time from work and leisure activities, past and future medical expenses, loss of earnings and earning capacity, and economic damages.

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

- a) For compensatory damages in excess of $75,000;
- b) For monetary damages in excess of $75,000;
- c) Pre and post-judgment interest;

17

d) For reasonable attorney's fees;
e) Punitive Damages;
f) For costs of suit herein incurred; and
g) For such other and further relief as the court may deem proper.

Respectfully submitted,

Tony N. Garcia
Bates & Garcia LLC.
201 N. Charles Street, Suite 1900
Baltimore, Maryland 21201
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of July, 2019, a copy of the foregoing

Plaintiffs' Complaint was sent via first-class mail, postage prepaid to:

**Andre Davis, Esq.,** City Solicitor
100 N. Holliday Street, Suite 101
Baltimore, Maryland 21202

Tony N. Garcia, Esq.

18

| | |
|---|---|
| ALBERT BROWN | * IN THE |
| 1031 N. Mount Street | CIRCUIT COURT |
| Baltimore, MD 21217 | * |
| | OF MARYLAND |
| Plaintiffs, | * |
| | FOR |
| v. | * |
| | BALTIMORE CITY |
| OFFICER WAYNE E. JENKINS, | * |
| Baltimore City Police Department | |
| 601 E. Fayette Street | * |
| Baltimore, MD 21202 | Case No. : 24-C-17-00_____ |
| | * |
| And | |
| | * |
| OFFICER JEMELL RAYAM, | |
| Baltimore City Police Department | * |
| 601 E. Fayette Street | |
| Baltimore, MD 21202 | * |
| | |
| And | * |
| | |
| BALTIMORE CITY POLICE | * JURY TRIAL DEMANDED |
| DEPARTMENT | |
| 601 E. Fayette Street | * |
| Baltimore, MD 21202 | |
| | * |
| Serve On: | |
| Andre Davis, Esq., City Solicitor | * |
| 100 N. Holliday Street, Suite 101 | |
| Baltimore, MD 21202 | * |
| | |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## REQUEST FOR JURY TRIAL

Plaintiff hereby elects to have his case tried before a jury.

Tony N. Garcia, Esq.





**BATES & GARCIA, LLC.**
ATTORNEYS AT LAW

201 N. Charles Street · Suite 1900
Baltimore, Maryland 21201

Andre Davis, Esquire, City Solicitor
100 N. Holliday Street, Suite 101
Baltimore, Maryland 21202





**BATES & GARCIA, LLC.**
ATTORNEYS AT LAW

201 N. Charles Street · Suite 1900
Baltimore, Maryland 21201

Neil E. Duke, Esquire
100 Light Street, 19th Floor
Baltimore, Maryland 21202